JUDGE ~~~

**13 CIV 7641**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X

JERMAINE MAXWELL,

        Plaintiffs,

        v.

THE CITY OF NEW YORK,
DETECTIVE ANGUS MACKENZIE,
(Shield No. 06284); and POLICE OFFICERS JOHN
DOES (names and numbers of whom are unknown at
present); and other unidentified members of the
New York City Police Department,

        Defendants.
----------------------------------------X

COMPLAINT

JURY TRIAL DEMANDED

*RECEIVED OCT 29 2013 U.S.D.C. S.D.N.Y. CASHIERS*

## PRELIMINARY STATEMENT

1. This is an action to recover money damages arising out of Defendant's violation of Plaintiff's rights as secured by the Civil Rights Act, 42 U.S.C. Section 1983, and of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff was victimized by and subsequent to an unlawful entry and search of his home by police officers. Plaintiff was deprived of his constitutional rights when Defendants unlawfully entered his home, utilized excessive force and caused the unjustifiable arrest and unlawful confinement of the Plaintiff, and maliciously prosecuted Plaintiff Jermaine Maxwell.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this

Court by 28 U.S.C. §§ 1331 and 1343(a)(3) and (4) and the aforementioned statutory and constitutional provisions.

## VENUE

3. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391 (b) and (c).

## PARTIES

4. The Plaintiff, Jermaine Maxwell, is a citizen of the United States, and is and was at all times relevant herein a resident of New York, New York.

5. New York City Police Detective Angus MacKenzie, shield #06284, was at all times relevant herein an officer, employee and/or agent of Defendant City of New York [hereinafter "City"] and Defendant New York City Police Department [hereinafter "NYPD"], and within the scope of his employment as such. Detective Angus MacKenzie is being sued in his individual capacity.

6. New York City Police Officers John Does, shield numbers unknown, were at all times relevant herein officers, employees and/or agents of Defendant City and Defendant NYPD, and within the scope of their employment as such. Officers John Does are being sued herein in their individual capacity.

7. At all times relevant herein, the individual defendants, Detective Angus Mackenzie, and Officers John Does were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and/or officers of the NYPD, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. The individual Defendants were each acting for and on

2

behalf of the NYPD at all times relevant herein, with the power and authority vested in them as officers, agents, and/or employees of the NYPD and incidental to the lawful pursuit of their duties as officers, employees and/or agents of the NYPD.

8. Defendant City is a municipality organized and existing under the laws of the State of New York. At all times relevant hereto, Defendant City, acting through the NYPD, was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, and conduct of all NYPD personnel. In addition, at all relevant times, Defendant City was responsible for enforcing the rules of the NYPD, and for ensuring that the NYPD personnel obey the laws of the United States and of the State of New York.

## STATEMENT OF FACTS

9. On May 25, 2011, at approximately 6:00 a.m., Plaintiff resided at 158 West 144th, Apartment #5B, New York, New York 10039.

10. On May 25, 2011, at least four people resided at the aforementioned address.

11. Immediately prior to the time of the incident, Plaintiff was asleep in his bedroom.

12. At approximately 6:00 a.m., several unidentified officers from the New York City Police Department, including defendant MacKenzie, broke down the front door of Plaintiff's apartment.

13. The officers proceeded to unlawfully search and raid the apartment.

14. None of the apartment's residents unlocked or opened the front door for the Officer Defendants, or consented to their entrance in any way.

15. Upon information and belief, the NYPD officers never knocked or announced their presence prior to breaking down Plaintiff's door.

3

16. Upon information and belief, Officer Defendants entered the apartment without properly obtaining a search warrant. Furthermore, no exigent circumstances existed that would excuse their entry without properly obtaining a warrant or permission from a resident of the apartment.

17. At approximately 6:00 a.m., Plaintiff Jermaine Maxwell heard a loud disturbance and seconds later, NYPD officers barged into his bedroom.

18. Officer Defendants pointed their loaded weapons at Plaintiff, shouted at him to get on the floor.

19. As plaintiff attempted to comply, one of the defendant officers struck Plaintiff on or about the face two (2) times.

20. The defendant officers then grabbed Plaintiff by his shirt and threw him on the bed, rear hand-cuffed him, and searched his person.

21. The offices proceeded to drag Plaintiff down the stairs to the living room.

22. The officer then screamed at plaintiff, and asked him where the drugs were. Plaintiff informed the offices that, to his knowledge, there were no drugs in the apartment.

23. Unhappy with the Plaintiff's answer, an Officer Defendant struck Plaintiff in the head.

24. When the Plaintiff asked to see a search warrant, a Defendant Police Officer ordered another Officer to take him downstairs.

25. During this unlawful entry into Plaintiff's apartment, defendants ransacked the apartment, opening doors and closets, entering rooms, opening drawers and other closed containers, overturning furniture and destroying property.

26. During the unlawful search, the NYPD officers claimed that they found one (1)

4

marijuana cigarette in an ashtray next the Plaintiff's bed and confiscated Two Hundred Thirty Dollars ($230.00) that belonged to the Plaintiff.

27. Plaintiff did not have any marijuana or illegal substances on his person or in his room. No illegal substances were found on Plaintiff when he was searched by the Defendant Officers. Plaintiff disputes that any marijuana was present in the home. Notwithstanding, Defendant Officers took him into custody and placed him under arrest.

28. Plaintiff was brought to the NYPD Precinct.

29. Plaintiff Jermaine Maxwell was placed in a dirty cell, the floor of which was covered in urine. Plaintiff was in that cell for several hours.

30. The Plaintiff was subsequently moved NYPD's Central Booking Unit and placed in a holding cell.

31. Plaintiff Jermaine Maxwell remained in Central Booking until approximately 11:00 a.m. the following day, May 26, 2011, at which point he was arraigned.

32. After arraignment, the judge released the Plaintiff on his own recognizance.

33. In total, Plaintiff Jermaine Maxwell was in the custody of the police for approximately twenty-nine (29) hours.

34. Plaintiff was charged with Unlawful Possession of Marijuana, P.L. § 221.05 under Docket # 2011NY038424, in New York County, Criminal Court.

35. On July 19, 2011, all charges against Jermaine Maxwell were dismissed upon motion of the DA and the file was sealed.

36. The assaults on the Plaintiff, arrests of the Plaintiff, unlawful entry and unreasonable searches of the Plaintiff and his apartment as described above, by Defendants the City of New York, the New York City Police Department, Detective Angus MacKenzie and

5

Officer Defendants was far in excess of their rightful authority as New York City police officers. The arrest of the Plaintiff was made without reasonable or probable cause, and was unlawfully made in the home of the Plaintiff without a warrant or exigent circumstances.

37. The malicious prosecution of Plaintiff Jermaine Maxwell as described above, by Defendants the City of New York and Officer Defendants was far in excess of their rightful authority as well.

38. The use of force on the Plaintiff by Officer Defendants was unreasonable and far in excess of their lawful authority as a New York City police officer.

39. The unlawful entry, unlawful arrest, use of excessive force, and unlawful confinement of the Plaintiff by Defendants caused the Plaintiff to sustain pain and suffering and psychological and emotional trauma.

40. The malicious prosecution of Plaintiff Jermaine Maxwell by Defendants caused him to suffer pain and suffering and psychological and emotional trauma.

## FIRST CAUSE OF ACTION

### Violation of Plaintiff's Rights under § 1983, U.S. Constitution, and Fourth and Fourteenth Amendments

41. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 40 with the same force and effect as if more fully set forth at length herein.

42. By falsely arresting the Plaintiff without probable cause, and holding him under arrest for an extended and unreasonable period of time, and/or failing to prevent other officers from doing so, the Officer Defendants deprived the Plaintiff of his rights, remedies, privileges, and immunities guaranteed by the Fourth and Fourteenth Amendments of the United States

6

Constitution and laws of the United States in violation of 42 U.S.C. §1983.

43. The Officer Defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD officers.

44. The Officer Defendants acted beyond the scope of their jurisdiction, without authority of law, and abused their powers.

45. The Officer Defendants acted willfully, knowingly, and with the specific intent to deprive Plaintiff of his constitutional rights secured by the Fourth and Fourteenth Amendments to the United States Constitution and laws of the United States in violation of 42 U.S.C. §1983.

46. As a direct and proximate result of the misconduct and abuse of authority detailed above, the Plaintiff sustained the damages herein before alleged.

## SECOND CAUSE OF ACTION
### Violation of Plaintiff's Rights under § 1983, U.S. Constitution, and Fourth and Fourteenth Amendments

47. The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 46 with the same force and effect as if more fully set forth at length herein.

48. By reason of the foregoing, and by pointing a loaded gun at Plaintiff Jermaine Maxwell's head and body, and by assaulting and battering him while he was in custody, the Officer Defendants used unreasonable and excessive force against Jermaine Maxwell and/or failed to prevent other officers from doing so, and thereby deprived Jermaine Maxwell of his rights, remedies, privileges, and immunities guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution and laws of the United States in violation of 42

7

U.S.C. §1983.

49. The Officer Defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD officers.

50. The Officer Defendants acted beyond the scope of their jurisdiction, without authority of law, and abused their powers.

51. The Officer Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiff of his constitutional rights secured by the Fourth and Fourteenth Amendments to the United States Constitution and laws of the United States in violation of 42 U.S.C. §1983.

52. As a direct and proximate result of the misconduct and abuse of authority detailed above, the Plaintiff sustained the damages herein before alleged.

### THIRD CAUSE OF ACTION
### Violation of Plaintiff's Rights under § 1983, U.S. Constitution, and Fourth and Fourteenth Amendments

53. The Plaintiffs repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 52 with the same force and effect as if more fully set forth at length herein.

54. Officer Defendants unlawfully entered into the Plaintiff's home and purposefully caused damage to the Plaintiff's personal property without cause or reason in violation of the Plaintiff's right to be secure in his home against unreasonable searches and seizures under the Fourth and Fourteenth Amendments to the Constitution of the United States.

55. The Officer Defendants acted under pretense and color of state law and in their

8

individual and official capacities and within the scope of their respective employment as NYPD officers.

56. The Officer Defendants acted beyond the scope of their jurisdiction, without authority of law, and abused their powers.

57. The Officer Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiff of his constitutional rights secured by the Fourth and Fourteenth Amendments to the United States Constitution and laws of the United States in violation of 42 U.S.C. §1983.

58. As a direct and proximate result of the misconduct and abuse of authority detailed above, the Plaintiff sustained the damages herein before alleged.

FOURTH CAUSE OF ACTION
Municipal Liability Claim Against the City of New York
For Failure to Properly Hire, Train, Supervise and Discipline Employees

59. The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 58 with the same force and effect as if more fully set forth at length herein.

60. Individual Defendants' use of excessive force, unlawful arrest and detention without probable cause and unlawful searches without probable cause was pursuant to custom, practices, policy or uses of Defendant, the City of New York through the New York City Police Department.

61. Under this custom, usage, practice or policy, The City of New York:

(a) encouraged and/or condoned, the use of excessive force, unlawful arrest and detention without probable cause and unlawful search without

9

probable cause;

(b) encouraged and/or condoned the practice of using excessive force, detaining individuals without probable cause, falsely accusing and arresting individuals, and unlawfully searching people and property;

(c) failed to adequately screen applicants to the New York City Police Department;

(d) failed to investigate the excessive use of force, unlawful arrest and detentions by the New York City Police Department;

(e) failed to provide adequate training to its New York City Police Department regarding the use of force, the constitutional limits of force, the proper use of weapons including handcuff, the proper method of detaining and arresting people, and the proper procedure when searching a property or person; and

(f) failed to adequately supervise its police officers in their official duties.

62. Individual Defendant's use of excessive force, unlawful arrest and detention without probable cause and unlawful search of the Plaintiff's residence and persons caused the Plaintiff to be subjected to a denial of his civil right to be free of such actions under the Fourth and Fourteenth Amendments to the Constitution.

63. Defendant City of New York, through its policymakers, knew to a moral certainty that its police officers would confront situations that could result in the use of excessive force, unlawful arrest and detention without probable cause, and unlawful searches.

64. Said situations present New York City police officers with difficult judgments about how much force is too much force in a given situation, in what situations should a police

10

officer arrest and detain a person, and in what situation is it proper and legal to search a property or person.

65. Said difficult judgments are of the sort that training or supervision will make less difficult.

66. There is a history of New York City police officers mishandling these situations, as evidenced by:

   a. similar injuries and abuse sustained by people at the hands of New York City police officers.

   b. public reports and articles documenting these deficiencies authored by the New York State Office of the Attorney General, the New York State Committee on Civil Rights, the United States Commission on Civil Rights, the New York State Defenders Association, The New York Times and several other public agencies and officials. These reports and articles documented the systemic failure of defendants when using force and stopping, arresting and detaining individuals for probable cause.

   c. similar civil rights actions brought against defendants City and its police officers for excessive force and unlawful arrest and imprisonment.

   d. numerous complaints and substantiated reports of police officers' use of excessive force, unlawful arrests and imprisonments, and unlawful searches within New York City.

67. New York City police officers also have a powerful incentive to violate individual's constitutional rights so that they may obtain evidence and solve crimes more easily, as well as increase their precinct's arrest numbers.

11

68.     The wrong choice by New York City police officers when confronted with these difficult judgments will frequently cause the deprivation of a individual's constitutional rights, in that if their judgment of the amount of force is wrong, they will have violated the individual's right to be free from the use of excessive force, as guaranteed by the Fourth and Fourteenth Amendment of the United States Constitution and 42 U.S.C. § 1983; if their judgment in whether there is probable cause to arrest and detain an individual is wrong, they will have violated the individual's right to be free from the unlawful deprivation of liberty, as guaranteed by the Fourth and Fourteenth Amendment of the United States Constitution and 42 U.S.C. § 1983; and if their judgment in whether there is probable cause to search a person or property is wrong, they will have violated the individual's right to be free from unreasonable searches, as guaranteed by the Fourth and Fourteenth Amendment of the United States Constitution and 42 U.S.C. § 1983

69.     Upon information and belief, Defendant City of New York failed to discipline Officer Defendants for their use of excessive force against the Plaintiff.

70.     Upon information and belief, Defendant City of New York failed to discipline Officer Defendants for the unlawful seizure and confinement of the Plaintiff.

71.     Upon information and belief, Defendant City of New York failed to discipline Officer Defendants for the unlawful search of the Plaintiff's residence and person.

72.     Defendant City's deliberate indifference in hiring, training, supervising and disciplining the Officer Defendants directly and proximately caused the Plaintiff injuries.

### FIFTH CAUSE OF ACTION
### Violation of Plaintiff's Rights under § 1983, Malicious Prosecution

73.     The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 72 with the same force and effect as if more fully set forth at

12

length herein.

74.     The Officer Defendants maliciously commenced criminal proceedings against Plaintiff Jermaine Maxwell, charging him with the violation of New York Penal Law § 221.05 Unlawful Possession of Marijuana.

75.     The Officer Defendants charged Jermaine Maxwell with this crime falsely, maliciously, in bad faith, and without probable cause.

76.     After Jermaine Maxwell was forced to defend himself in proceedings in New York County Criminal Court, all charges against him were terminated in his favor.

77.     As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff Jermaine Maxwell sustained the damages herein before alleged.

## JURY DEMAND

78.     The Plaintiff hereby demands trial by jury of all issues properly triable thereby.

13

**PRAYER FOR RELIEF**

WHEREFORE, The Plaintiff prays for relief as follows:

That the jury find and the Court adjudge and decree that the Plaintiff shall recover compensatory damages in the sum of $5,000,000 against the individual Defendants, Police Detective Angus Mackenzie, Police Officers John Does, The New York City Police Department and the City of New York, jointly and severally, together with interest and costs; and that the Plaintiff recover punitive damages in the sum of $2,000,000 against the individual Defendants, jointly and severally.

    a. That the Plaintiff recovers the cost of the suit herein, including reasonable attorneys fees pursuant to 42 U.S.C. §1988.

    b. That the Plaintiff has such other and further relief as the Court shall deem just and proper.

DATED: October 24, 2013
New York, New York

RICHARD P. REYES, ESQ. (RR 8457)
299 Broadway, Suite 1501
New York, New York 10007
(212) 966-3761
(646) 536-8964 (facsimile)

14